UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GP, minor child by and through her
Mother, JP

       Plaintiff,

v.                                                          Case No:  2:15-cv-728-FtM-38CM

LEE COUNTY SCHOOL BOARD
and LINDA CAPRAROTTA,

       Defendants.

_____

## ORDER

This matter comes before the Court upon review of the Joint Motion to Extend Scheduling Order Deadlines (Doc. 50) filed on November 1, 2016.  For the reasons that follow, the motion is due to be granted in part.

Plaintiff, by and through her mother, filed her complaint on November 23, 2015.  Doc. 1.  With the Court's leave, Plaintiff filed a nine-count Amended Complaint on February 22, 2016.  Docs. 16, 17.  On May 25, 2016, in partially granting Defendant Lee County School Board's Motion to Dismiss the Amended Complaint (Doc. 26), the Court entered an Order dismissing five of Plaintiff's nine counts with prejudice, and three of the nine counts without prejudice.  Doc. 35.  The Court directed Plaintiff to file a second amended complaint on or before June 8, 2016.  Doc. 35 at 21.

On June 13, 2016, the Court ordered Plaintiff to show cause, on or before June 14, 2016, why she had not filed an amended complaint, or, alternatively, allowed

Plaintiff to file the Second Amended Complaint by that date.   Doc. 36.   Accordingly, on June 14, 2016, Plaintiff filed her Second Amended Complaint wherein she added parties and counts not previously included in her amended complaint or discussed in the Court's May 25, 2016 Order.   Doc. 37.   Defendants Lee County School Board and Linda Caprarotta responded with a Motion to Dismiss the Second Amended Complaint, which remains pending.   Doc. 38.

On July 21, 2016, Plaintiff filed a Request for Withdrawal of Counsel and Extension to delay the deadline to respond to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.   Doc. 43.   The Court ordered Attorney John de Leon and the Law Firm of Chavez and de Leon, P.A. terminated as counsel of record and granted Plaintiff an extension to respond to Defendants' pending motion to dismiss until September 2, 2016.   Doc. 45.   On August 18, 2016, attorney Matthew Farmer filed his Notice of Appearance as Counsel for the Plaintiff.   Doc. 45.

Defendants state that they have been diligently working on conducting discovery; however, due to Plaintiff's recent withdrawal of counsel and Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint which remains pending, discovery efforts have been frustrated.   Doc. 50.   Defendants list several discovery requests directed to Plaintiff, which remain unresolved due to unsuccessful attempts to resolve them with her previous counsel as well as with Plaintiff's new counsel who was involved in a three month federal trial ending in September 8, 2016.   Doc. 50 at 1-2.   The parties state that attorney Farmer's involvement in a three month federal

trial had a significant impact on the discovery calendar in this case.   Doc. 50 at 2. The parties request that an additional three (3) months be added to all deadlines contained in the Case Management and Scheduling Order ("CMSO") in this case to allow them time to identify the issues that remain in the suit following the several iterations of the Complaint and to conduct proper discovery.   *Id.* at 3.

The CMSO set forth a trial term of July 3, 2017.   Doc. 34 at 2.   Plaintiff and Defendants' disclosure of expert reports are due by November 14, 2016 and December 14, 2016, respectively.   *Id.* at 1.   The parties' discovery deadline is February 3, 2017 and the mediation deadline is February 6, 2017.   *Id.*   The parties' deadline for dispositive motions, *Daubert* motions and *Markman* motions is March 3, 2017.   *Id.* The parties have until May 19, 2017 to meet in person to prepare joint final pretrial statement and until June 2, 2017 to file their joint final pretrial statement and all other motions and trial briefs.   *Id.* at 2.

District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion.   *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002).   Rule 16 requires a showing of good cause for modification of a court's scheduling order.   Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."   *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). Here, the Court finds good cause to grant an extension of the CMSO deadlines; however, the Court will limit the extension to sixty (60) days at this time.

Defendants state that their counsel has contacted attorney Farmer in an attempt to resolve the outstanding discovery issues; however due to attorney Farmer's recent involvement in the case, it has taken time to receive responses from Plaintiff.   Doc. 50 at 2.   Attorney Farmer, however, has appeared in this case since August 18, 2016 and his federal trial ended on September 8, 2016.   As stated in the Middle District of Florida Local Rule 3.05(c)(2)(E) "[i]t is the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint."   M.D. Fla. R. 3.05(c)(2)(E).

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Joint Motion to Extend Scheduling Order Deadlines (Doc. 50) is **GRANTED in part** to the extent that all remaining Case Management and Scheduling Order deadlines will be extended by sixty (60) days.

2.     An amended Case Management and Scheduling Order will be entered under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of November, 2016.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record