UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GP, minor child by and through her
Mother, JP

       Plaintiff,

v.                                   Case No: 2:15-cv-728-FtM-38CM

LEE COUNTY SCHOOL BOARD,

       Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Defendant Lee County School Board's Motion to Tax Costs (Doc. 88) filed on October 2, 2017. On October 15, 2017, Plaintiff filed Plaintiff's Response to "Defendant Lee County School Board's Motion to Tax Costs," objecting to one category of costs Defendant seeks. Doc. 89. For the reasons stated herein, the undersigned recommends that Defendant's Motion be granted in part and denied in part.

I.    Jurisdiction

On September 19, 2017, the Court entered an Opinion and Order (Doc. 86) granting Defendant's motion for partial summary judgment and dismissal of

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

Plaintiff's remaining state law claims, and entered judgment (Doc. 87) two days later. On October 16, 2017, Plaintiff filed a Notice of Appeal. Doc. 90. On June 5, 2018, the Eleventh Circuit Court of Appeals entered its opinion affirming the judgment. Doc. 95. Although the mandate has not yet been entered, the district court maintains jurisdiction to consider motions on matters collateral to those at issue on appeal, including a motion for costs. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003); *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982).

## II. Costs

Defendant, as the prevailing party in this matter, may seek an award of costs pursuant to Rule 54, Federal Rules of Civil Procedure, and Middle District of Florida Local Rule 4.18. See *Lookout Mountain Wild Animal Park, Inc. v. Stearns Zoological Rescue & Rehab Ctr., Inc.*, 2014 WL 3396503, *1 (M.D. Fla. 2014). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920.

When determining whether taxation of costs is appropriate, the Court is bound by the limits set forth in Section 1920. *See Crawford*, 482 U.S. at 445; *see also Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013) ("The Court has limited discretion in awarding costs, and is permitted to tax only those items specified in Sec[.] 1920, unless authorized by statute.") (citing *Crawford*, 482 U.S. at 441-42); *Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec. 17, 2012) ("Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920."). Although courts retain the discretion to deny costs to a prevailing party, "[t]he presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2006).

The burden of proving entitlement to costs and the amount of compensable expenses lies with the party seeking to tax those costs. *Loranger v. Stierham*, 10 F.3d

776, 784 (11th Cir. 1994); *Brivik v. Murray*, No. 8:11-cv-2101-T-33TGW, 2014 WL 1576721, at *4 (M.D. Fla. Apr. 18, 2014) ("The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses.") (citing *Loranger*, 10 F.3d at 784); *see also Holland v. Gee*, No. 8:08-cv-2458-T-33AEP, 2012 WL 5845010, at *6 (M.D. Fla. Oct. 23, 2012). "The party seeking costs must not only show that the costs claimed are recoverable, but must also provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the court." *Pelc*, 2013 WL 3771233, at *5; *Lookout Mountain*, 2014 WL 3396503, at *2 ("To recover compensable costs under 28 U.S.C. § 1920, the prevailing party must adequately describe and document those costs.") (citing *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340 (M.D. Fla. 2002)); *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008) ("The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920."). Failure to provide supporting documentation can be grounds for denying costs. *Pelc*, 2013 WL 3771233, at *5.

Defendant seeks to recover costs totaling $5,912.25 from five categories: "Fees for service of summons and subpoena" ($550.00); "Fees of the court reporter for all and any part of the transcript necessarily obtained for use in the case" ($3,521.90);

"Fees for witnesses" ($670.00); "Fees for exemplification and copies of papers necessarily obtained for use in this case"; and "Compensation of court appointed experts (Mediator)" ($900.00). Docs. 88 at 2-3, 88-1 at 1. Defendant submits an itemization of the court reporter fees and each witness for which a deposition witness fee and process server fee is requested. Doc. 88-1 at 3-4. One of the purported costs is $75.00 for "Court reporter room charge for mediation." Doc. 88-1 at 3. Here, Plaintiff does not challenge Defendant's entitlement to costs overall. Doc. 89 at 1. Instead, she disputes only whether Defendant is entitled to recover the cost of mediation, including the room charge. Id.

The Court recommends the undisputed costs for service, court reporter fees,[2] and exemplification and copying costs be granted under 28 U.S.C. § 1920. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-621, 624 (11th Cir. 2000) (holding that private process server fees may be taxed pursuant to 28 U.S.C. §§ 1920(1) and 1921, deposition costs including transcripts may be taxed under 28 U.S.C. § 1920(2), and exemplification and copying costs may be taxed under 28 U.S.C. § 1920(4)). As for witness fees, Defendant requests a total of $670.00, which includes $350.00 for Christine Needham, Plaintiff's doctor, and $40.00 for each of the eight other witnesses.[3] Doc. 88-1 at 3. Unless an expert witness is court-appointed, however,

---

[2] For clarity, the Court is excluding from the court reporter fees the requested room charge for mediation. The Court considers this requested cost together with the other mediation cost below.

[3] There is a typographical error in the witness fee for Andrea Hubbell, which is listed as "440.00" but was intended to be $40.00 as evident from the requested total. Doc. 88-1 at 3. The remaining seven witness fees are listed at the statutory $40.00 rate. Id.

a court may not tax witness fees beyond the $40-per-day limit set out in 28 U.S.C. § 1821(b). *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996). The Court therefore recommends $310.00 of the requested witness fees for Plaintiff's doctor be excluded and a fee of $40 per witness (including Plaintiff's doctor) be granted under 28 U.S.C. § 1920 for a total of $360 in witness fees.

Costs of mediation are not expressly provided for in Section 1920 and therefore are not recoverable pursuant to that statute. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008); *see also Kobie v. Fithian*, No. 2:12-cv-98-FtM-29DNF, 2014 WL 2215752 (M.D. Fla. May 28, 2014), at *2 ("Rule 54(d) and § 1920 do not provide any means to recover mediation fees."); *Lookout Mountain*, 2014 WL 3396503, at *3 ("Mediation costs are not listed under 28 U.S.C. § 1920, and are not compensable."); *Tempay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *6 ("[I]t is well-settled within the Middle District that costs associated with mediation, even court-ordered mediation, are not recoverable under section 1920."). Mediation costs are recoverable, however, where the case management and scheduling order provides that they may be taxed upon the prevailing party's motion. *Palmer v.* Johnson, 2:09-cv-604-FtM-29DNF, 2012 WL 4512918, at *4 (M.D. Fla. Oct. 2, 2012); *see also Ogilvie v. Swank*, No. 2:14-cv-354-FtM-38CM, 2016 WL 3595738, at *2 (M.D. Fla. July 5, 2016).

Plaintiff incorrectly asserts that *Palmer* is distinguishable because "no such language appears in the Case Management and Scheduling Order in this case." Doc. 89 at 1. The Case Management and Scheduling Order ("CMSO") in this case uses

language identical to those in *Palmer* and *Ogilvie*, providing:

> The mediator shall be compensated as per Local Rule 9.02(f), or at a rate stipulated by the parties in advance of mediation and born equally by the parties. Upon motion of the prevailing party, the party's share may be taxed as costs in this action.

Doc. 34 at 13, Section I.V.(E); *Palmer*, 2012 WL 4512918, at *4; *Ogilvie*, 2016 WL 3595738, at *2. Under the language of the CMSO, the non-prevailing party may be taxed the prevailing party's share of the mediation costs, which would include the room charge. Therefore, the Court recommends Defendant be granted $975.00 in mediation costs, which combined with the remaining taxable costs total $5,602.25.

In light of the foregoing, the Court recommends Defendant be granted a total of $5,602.25 and denied $310.00.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

Defendant Lee County School Board's Motion to Tax Costs (Doc. 88) be **GRANTED in part and DENIED in part,** and Defendant be awarded $5,602.25.

**DONE** and **ENTERED** in Fort Myers, Florida on this 8th day of June, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable Sheri Polster Chappell
Counsel of record